NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0263n.06

Case No. 16-3946

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 08, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| STATE OF OHIO ex rel. JEFF FAULKNER, Individually and as Trustee of the Faulkner Family Trust Dated 3-22-95 and Relator, | ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| CITY OF MIDDLETOWN, OHIO, | ) ) | |
| Defendant-Appellee. | ) ) ) | |
| _____/ | ) ) | |

Before: MERRITT, BATCHELDER, and CLAY, Circuit Judges.

**MERRITT, Circuit Judge.** Plaintiff-Appellant Jeff Faulkner alleges that the City of Middletown—as part of a vague conspiracy against him—violated his rights on two separate occasions.[1] First, he claims that the City's decision to "downzone" a piece of real property that would later come to be owned by the Faulkner Family Trust amounted to a taking that required notice and compensation under both the United States Constitution and the Ohio Constitution. Second, he argues that the City is liable to him for malicious prosecution and abuse of process

---

[1] In addition to the claims he brought in his personal capacity, Faulkner also sued the City in his capacity as Trustee of the Faulkner Family Trust Dated 3-22-95—which held title to the piece of real property at issue in Faulkner's first set of claims—as well as on behalf of the State of Ohio according to Ohio's procedure for seeking compensation for a regulatory taking. *See Coles v. Granville*, 448 F.3d 853, 861 (6th Cir. 2006); Ohio Rev. Code § 2731.01.

under Ohio law because City employees wrongfully arrested him and charged him with landlord theft of rent. On the basis of those events, Faulkner brought nine claims against the City, seeking relief ranging from damages under 42 U.S.C. § 1983 to mandamus. The district court granted summary judgment in favor of the City on all nine claims, and we **AFFIRM**, relying largely on the district court's well-reasoned opinion and order. *Ohio ex rel. Faulkner v. City of Middletown*, No. 1:15-cv-122, 2016 WL 3855203 (S.D. Ohio July 15, 2016).

## I. Zoning Claims

The district court properly granted the City's motion for summary judgment on Faulkner's § 1983 claims for the City's alleged violation of the Faulkner Family Trust's rights to due process and equal protection under the United States Constitution. The essence of those claims is that the City owed the Trust a duty to provide notice and an opportunity to respond before downzoning the lot in question and to refrain from singling out the Trust's property for disparate and discriminatory treatment. To prevail on either claim, Faulkner must show the Trust held an interest in the property at issue when the zoning decision was made. Otherwise, there can be no finding that the Trust had the "legitimate claim of entitlement" to the property needed to support a procedural due process challenge, *O'Donnell v. City of Cleveland*, 838 F.3d 718, 730 (6th Cir. 2016) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)) (internal quotation marks omitted), or that the Trust was "intentionally treated differently from others similarly situated" in violation of the Equal Protection Clause of the Fourteenth Amendment.[2] *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (internal quotation marks omitted).

---

[2] Faulkner does not allege that he informed the City of his intent to acquire the property at issue on behalf of the Trust before executing the documents of conveyance. Our decision might have been different if he had done so, but we do not opine on the result under that hypothetical.

As the district court ably demonstrates, the property at issue was validly downzoned on August 20, 2013. *Faulkner*, 2016 WL 3855203 at *7-8. It is undisputed that Faulkner did not agree to purchase the land at issue on behalf of the Trust until February 27, 2014 and that he did not close on the land until March 26, 2014. *Id.* at *3. Since the Trust did not own the land at issue when the City duly amended the land's zoning classification, Faulkner lacks standing to challenge that decision on the basis of procedural due process or equal protection.

The district court also properly granted summary judgment on Faulkner's § 1983 claims under the Ohio Constitution's due process and equal protection analogs. Even if the City's actions actually violated Faulkner's rights under the Ohio Constitution, the district court properly awarded summary judgment to the City because relief under § 1983 is only available for violations of *federal* law. *See Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001) ("To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."). Since Faulkner's § 1983 claims under the Ohio Constitution assert only violations of state law, they were properly rejected by the district court.

The remainder of Faulkner's claims regarding the City's zoning decision seek several types of relief—damages, declaratory judgment, and mandamus—but they are all based on the same basic theory: the City's decision to zone the property at issue for light industrial use amounts to a regulatory taking under the Takings Clause for which the City was required to pay "just compensation." U.S. Const. amend. V. The district court correctly rejected each of those claims.

First, the property's light-industrial classification under the City's zoning ordinance did not amount to a "categorical" taking because it did not deprive the Trust of "all economically

beneficial or productive use of [its] land." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992). Indeed, Faulkner indicated that he would "probably build a store and lock facility" if the City rejected his application for a zoning change. While the Trust might have obtained more economic benefit if the City had agreed to zone the parcel for commercial use, Faulkner's alternative plan for the land proves that the present zoning ordinance permits the Trust to obtain *some* economic benefit from the land. Accordingly, the district court properly denied mandamus and declaratory judgment on that claim.

Nor did the property's light-industrial classification amount to a "noncategorical" taking under the *ad hoc* test adopted by the Supreme Court in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978). We rely on the district court's opinion on that point. *Faulkner*, 2016 WL 3855203 at \*11. Having correctly held that the property's classification under the City's zoning ordinance did not rise to the level of a constitutional taking, the district court properly rejected Faulkner's claims for "just compensation" under the Fifth Amendment.

## II. Malicious Prosecution & Abuse of Process Claims

Finally, the district court properly granted summary judgment to the City on Faulkner's claims of malicious prosecution and abuse of process. Ohio law generally immunizes municipalities from civil liability flowing from "loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio Rev. Code § 2744.02(A)(1). Exceptions to this general rule exist, but none expose municipalities to liability for the intentional torts of municipal employees. *See Griffits v. Vill. of Newburgh Heights*, No. 91428, 2009 WL 280376, ¶ 26 (Ohio Ct. App. 2009) ("[W]e note that [Ohio] courts have generally held that because R.C. 2744.02(B) includes no specific exceptions for intentional torts, political

subdivisions are immune from intentional tort claims."). Specifically, Ohio courts have held that "no section of the [Ohio] Revised Code expressly imposes liability upon a public agency for . . . malicious prosecution . . . ." *Id.* (collecting cases). Since both malicious prosecution and abuse of process have intent elements, the district court correctly held that the City is immune from liability on both claims. *Faulkner*, 2016 WL 3855203 at *12-14.

Faulkner's reliance on *Mayes v. City of Columbus*, 664 N.E.2d 1340 (Ohio Ct. App. 1995), as authority to the contrary is misplaced. Specifically, he cites that case for the proposition that the City may be held liable for malicious prosecution and abuse of process— immunity statutes notwithstanding—because the City's employees acted "with malicious purpose." That reading ignores both the content of Ohio's immunity statute and the context of the dispute before the court in *Mayes*. As the district court rightly noted, the "malicious purpose" language in *Mayes* was used in deciding a malicious prosecution claim against two police officers, not against the officers' municipal employer. *Id.* at 1348-49. In holding that the officers were not immune because they acted with "malicious purpose," the court was simply applying the express terms of Ohio Revised Code § 2744.03(A)(6), which apply only to claims against *individual* employees, not to claims against municipalities.[3] *Mayes*, 664 N.E.2d at 1348-49. *Mayes* did nothing to disturb the settled law in Ohio prohibiting malicious prosecution claims against municipalities. Faulkner argues that affirmance of the district court's immunity decision would "make all malicious prosecution and abuse of process claims against government actors nearly impossible," Appellant Br. at 15, but *Mayes* makes clear that such claims are viable so long as the plaintiff sues the police officers involved *individually* and is able to show that they acted "with malicious purpose, in bad faith, or in a wanton or reckless manner." *Mayes*,

---

[3] Ohio Revised Code § 2744.03(A)(6) provides: "The employee is immune from liability unless one of the following applies: . . . [t]he employee's act or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."

664 N.E.2d at 1348 (quoting Ohio Rev. Code § 2744.03(A)(6)(b)).  Since Faulkner only sued the

City, *Mayes* is not on point.

Accordingly, we **AFFIRM** the judgment of the district court.